UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-cv-00485-MEO

| | | |
|---|---|---|
| JONATHAN BEST-EDMUNDS,<br><br>Plaintiff,<br>vs.<br><br>FNU JOHNSON, et al.,<br><br>Defendants. | ) | MEMORANDUM OF DECISION AND ORDER |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is proceeding in forma pauperis. (Doc. Nos. 2, 5).

## I. BACKGROUND

Pro se Plaintiff Jonathan Best-Edmonds is a prisoner of the State of North Carolina currently incarcerated at Tabor Correctional Institution in Tabor City, North Carolina. On June 18, 2026, he filed this action pursuant to 42 U.S.C. § 1983 based on alleged events while he was detained at the Mecklenburg County Jail (the "Jail") in Charlotte, North Carolina. (Doc. No. 1). Plaintiff names the following Defendants: FNU Johnson, identified as a Jail nurse; FNU McKinney, identified as a Jail Correctional Officer; FNU Broome, identified as a Jail Sergeant; and FNU Maye, identified as a Jail Hearing Officer. (Id. at 2-3). Plaintiff sues Defendants in their individual and official capacities. (Id.).

Plaintiff alleges as follows. On October 31, 2025, Defendant Johnson falsely

accused Plaintiff of pulling his penis out after Plaintiff received his medication. (Id. at 5; Doc. No. 1-1 at 2). In response, Defendant McKinney, the pod supervisor, called Defendant Broome. (Doc. No. 1-1 at 1). As Defendant Broome handcuffed the Plaintiff to escort him to "the hole," Broome said that, although he did not see Plaintiff do the complained of act, he had to "lock up" the Plaintiff "to make it look good." (Doc. No. 1 at 5). As a result of the incident, Plaintiff was charged with sexual harassment and indecent exposure. (Doc. No. 1-1 at 1). Defendant Maye dropped the indecent exposure charge but found Plaintiff guilty of sexual harassment "with no proof based on Nurse Johnson lies." (Id.). Defendant Maye told Plaintiff that he found Plaintiff guilty "because he [could]." (Doc. No. 1 at 7). Plaintiff remained in the hole "freezing" for fifteen days with no telephone. (Doc. 1-1 at 1).

Plaintiff does not allege what constitutional rights he claims were violated.[1] (See Doc. 1 at 3). Plaintiff seeks monetary relief for emotional distress and the time spent in segregation. (Id. at 5).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

[1] The Court will address those claims fairly raised by Plaintiff's Complaint.

employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

### A. Official Capacity Claims

Plaintiff purports to sue the Defendants in their individual and official capacities. Suits against an officer in his official capacity, however, "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (quoting

Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38). Here, however, Plaintiff does not allege that any official policy was the moving force behind any constitutional violation. Plaintiff, therefore, has failed to state an official capacity claim against any Defendant. The Court will dismiss these claims.

**B. Due Process**

Prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). Where a prison disciplinary hearing may result in loss of good time credits or solitary confinement, however, an inmate is entitled to certain due process protections. These include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written

statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-71. There is no constitutional right, however, to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based on "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a due process claim based on the conduct of any disciplinary proceedings. That is, Plaintiff alleges only that Defendant Maye convicted Plaintiff based solely on Defendant Johnson's false statement. Plaintiff fails to allege facts showing that he was denied advance written notice of the disciplinary charges, an opportunity to call witnesses and present documentary evidence in his defense, or a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-71. While Plaintiff may disagree with Defendant Maye's decision to rely on Defendant Johnson's statement in convicting the Plaintiff, the decision was based on "some evidence."

For these reasons, Plaintiff has failed to state a due process claim. The Court, therefore, will also dismiss this claim.

### C. Disciplinary Charges

Any claim based on false disciplinary charges appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, if the Plaintiff were to prevail on a claim that any disciplinary charges were unfounded, that would necessarily imply the invalidity of the disciplinary convictions. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the

hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022) (prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be wrongfully convicted of prison disciplinary infractions, causing him to lose good-time credits, because the disciplinary conviction had not been invalidated). The Plaintiff, however, has not alleged that any disciplinary convictions have been reversed or otherwise invalidated. Therefore, any claim based on false disciplinary charges appears to be barred by Heck. The Court, therefore, will dismiss this claim.

**D. Conditions of Confinement**

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 Fed. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a substantive due process

claim. That is, Plaintiff fails to allege conditions that are "so disproportionate or arbitrary" as to amount to punishment. Rather, he alleges having been placed in segregation without a phone for fifteen days after a disciplinary conviction. Furthermore, Plaintiff has failed to state a procedural due process claim such that the challenged conditions were imposed without due process. See Dilworth v. Adams, 841 F.3d 246, 252-53 (4th Cir. 2016) ("[D]isciplinary segregation of a pretrial detainee [for a period of eighty-five days], intended as a penalty for disciplinary infractions, implicates a protected liberty interest under the Fourteenth Amendment and may not be imposed without due process."). As such, the Court will dismiss any substantive due process claim Plaintiff sought to bring based on his conditions of confinement for his failure to state a claim for relief.

### E. Personal Participation

Additionally, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson, 912 F.3d at 171 (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171.

Plaintiff alleges only that Defendant Johnson caused false disciplinary charges to be brought against him. And the Court has dismissed this claim. Plaintiff alleges only that Defendant McKinney called Defendant Broome when Defendant Johnson accused Plaintiff of pulling his penis out. These allegations support no claim under § 1983. Finally, Plaintiff alleged only that Defendant Broome handcuffed the

Plaintiff despite not seeing Plaintiff commit the subject act. These allegations do not implicate Plaintiff's constitutional rights. The Court, therefore, will dismiss Defendants Johnson, McKinney, and Broome for Plaintiff's failure to state a claim for relief against them.

Because Plaintiff has failed to state a claim for relief, Plaintiff's Complaint fails initial review, and the Court will dismiss it without prejudice. The Court, however, will allow Plaintiff to amend his Complaint to state a claim for relief.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which

to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**SO ORDERED.**

Signed: September 3, 2026

Matthew E. Orso
United States District Judge